United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-50662
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GUADALUPE VASQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-1011-ALL
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Vasquez pleaded guilty to two counts of transporting illegal aliens within the country and was sentenced to concurrent 27-month terms of imprisonment, concurrent three-year terms of supervised release, a $2000 fine, and a $200 special assessment. Vasquez's guidelines range of imprisonment was 10 to 16 months. The district court sentenced Vasquez in excess of the guidelines range based, in part, on its finding that Vasquez's criminal history was underrepresented and based, in part, upon the factors of 18 U.S.C. § 3553(a). The district court also admonished

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vasquez that it was taking his "bad attitude" during his sentencing hearing into consideration in selecting his sentence.

Vasquez argues that the district court abused its discretion in sentencing him in excess of the advisory guidelines range, and he characterizes his sentence as an upward departure. However, the district court did not specifically state that it was upwardly departing when it imposed Vasquez's sentence or reference an upward-departure provision under the Guidelines. Therefore, we treat Vasquez's sentence as a non-guidelines sentence. See United States v. Armendariz, 451 F.3d 352, 358 n.5 (5th Cir. 2006).

Even if the district court's finding that Vasquez's criminal history category underrepresented his criminal past was clearly erroneous, Vasquez's "sentence did not 'result from' any error in applying the Guidelines or calculating the advisory range," and we therefore will not vacate his sentence. United States v. Davis, 478 F.3d 266, 273 (5th Cir. 2007) (emphasis added). The district court also considered the § 3553(a) factors, particularly the need for the sentence to promote respect for the law. Vasquez has not demonstrated that the decision to sentence him in excess of the advisory guidelines range was an abuse of discretion or that his 27-month sentence is unreasonable. The judgment of the district court is AFFIRMED.